## BALLARD v. KOONS, *et al.*

1. PLEADINGS. Where in an action on a promissory note the petition represented that the defendant and his wife executed a mortgage which was set out, to secure the note, and asked for judgment against the defendant, and that execution issue against said land "according to law, in such cases made and provided;" *held*, that the court erred in rendering a decree foreclosing the defendant's equity of redemption in the mortgaged premises.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

ACTION on a promissory note. The facts are presented in the opinion of the court.

*Brown & Sibley* for the appellants, cited *Greenough, Cook & Co.* v. *Sheldon*, 9 Iowa 503; *Cavender* v. *The Heirs of Smith*, 5 Ib. 157; 2 Hill 333; 10 N. H. 444; 12 John. 444.

*M. D. & W. H. McHenry* for the appellee, cited *Kramer* v. *Rebman*, 9 Iowa 114; *Scott* v. *Simeral*, Ib. 388; *Tomlinson* v. *Funston*, 1 G. Greene 545.

BALDWIN, J.—The plaintiff in his petition asks for a judgment against Henry Koons, for the amount due on a promissory note, and also represents that the said Henry and his wife, Jane, gave to plaintiff their mortgage upon certain real estate, which is described in the petition, to secure said note, and asks that an execution may issue on such judgment against said land, "according to law, in such cases made and provided."

The cause was submitted to the court upon the pleadings and proofs, and the court rendered a judgment against Henry Koons for the amount due on the note, and ordered a foreclosure of the equity of redemption of the said "Koons" in said real estate. The petition does not ask for a foreclosure of the equity of redemption of the defendants in the mortgaged premises. It is sufficient for the court to grant such relief when prayed for. There is nothing asked for in said petition that addresses itself to the chancery jurisdiction of the court.

The decree of the court does not affect the equities of Jane Koons in said premises. It finds a judgment against Henry Koons, and forecloses the interest of said "Koons" in said premises. The judgment of the court as against Henry Koons is affirmed, and reversed as to that portion which forecloses the equity of redemption of defendants.